IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

OZIOMA DAVID ZOS,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

Case No.: GJH-16-00466

## MEMORANDUM OPINION

Plaintiff Ozioma David Zos brings this action against Defendant Wells Fargo Bank, N.A. successor by merger to Wells Fargo Home Mortgage ("Defendant" or "Wells Fargo") for breach of contract, intentional misrepresentation, violations of the Truth in Lending Act, 15 U.S.C. § 1631, *et seq.* ("TILA"), and other claims relating to his home mortgage loan. Presently pending before the Court is Defendant's Motion to Dismiss, ECF No. 32. Plaintiff has not filed an Opposition, and the time for doing so has passed. No hearing is necessary. *See* Loc. R. 105.6. For the reasons stated herein, Defendant's Motion to Dismiss is granted.

**I.    BACKGROUND**

Mr. Zos and his then-wife Nkem D. Zos purchased the real property located at 8201 Roanoke Avenue, Takoma Park, MD 20912 (the "Property") on November 10, 1998. ECF No. 14-2 at 2.[1] On July 27, 2006, Mr. and Mrs. Zos conveyed the Property to Mr. Zos alone. ECF

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

No. 14-3 at 2.[2] On or about April 30, 2007, Plaintiff refinanced the Property.[3] *See* ECF No. 26-1 ¶ 4; ECF No. 2 ¶ 3. As part of the refinancing, Plaintiff executed a "written financing agreement, good faith estimate, buyer-broker agreements, and other loan documents" with Equity United Mortgage Corporation ("Equity United"), a mortgage brokerage. ECF No. 26-1 ¶ 4. Plaintiff alleges that at all times relevant to the action, Equity United acted as an agent of Defendant Wells Fargo Bank, N.A. *Id.* ¶ 5.

Plaintiff alleges that the Wells Fargo agent represented to him that he was being placed in "a fixed monthly payment loan program with an estimated interest rate of 6.625%." *Id.* ¶ 6. Plaintiff further contends that "[t]here was no discussion about an interest only feature in the fixed monthly payment fully amortized loan program at the time prior to execution of the note in 2007."[4] *Id.* ¶ 7. Plaintiff claims that he first found out about his "interest-only fixed-rate mortgage" in a letter sent March 3, 2015, which advised him of a future payment increase. *Id.* ¶ 8. Plaintiff sent Defendant a letter on March 13, 2015 stating that his agreement did not have an interest-only feature and demanded corrective action. *Id.* ¶ 9. Defendant did not take the requested corrective action, and Plaintiff filed this lawsuit. *Id.* ¶ 10.

Plaintiff filed his initial Complaint in the Circuit Court for Montgomery County. *See* ECF No. 1-1; *Zos v. Wells Fargo Bank*, No. 412955 V (Cir. Ct. of Mont. Cty.). Plaintiff filed an Amended Complaint with the Circuit Court for Montgomery County on January 14, 2016. ECF No. 1-1 at 9; ECF No. 2. Defendant removed the action to this Court on February 19, 2016. ECF

---

[2] The Court may "properly taken judicial notice of matters of public record," such as land records, and may consider documents attached to the Motion(s) to Dismiss, "so long as they are integral to the complaint and authentic." *Philips v. Pitt. Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).
[3] In Plaintiff's Second Amended Complaint, ECF No. 26-1, Plaintiff states the date of refinancing was "April 30, 1997," but based upon the First Amended Complaint, ECF No. 2, and land records attached to Defendant's Motion to Dismiss, ECF No. 14-4 at 3, the Court assumes that this was a typographical error, and the Plaintiff meant the refinancing occurred on April 30, 2007.
[4] An "interest-only" feature or an "interest-only mortgage" is a loan in which the borrower pays only the interest on the loan, rather than on the principal. *See Interest-Only Mortgage Payments and Option-Payment ARMs*, https://www.fdic.gov/consumers/consumer/interest-only/ (last visited January 11, 2017).

2

No. 1. Defendant filed a Motion to Dismiss for Failure to State a Claim on February 26, 2016. ECF No. 14. As Plaintiff was then *pro se*, the Court sent Mr. Zos a letter advising him of his rights under Fed. R. Civ. P. 12 and 56. ECF No. 15. Attorney Chidiebere Onukwugha entered an appearance on behalf of Mr. Zos on March 30, 2016. ECF No. 20. Plaintiff filed a Second Amended Complaint on April 1, 2016. ECF No. 26. The Court denied the Motion to Dismiss the Amended Complaint as moot, ECF No. 31, and on May 5, 2016, Defendant again submitted a Motion to Dismiss for Failure to State a Claim as to Plaintiff's Second Amended Complaint, ECF No. 32, which the Court addresses herein. As of this date, Plaintiff has not responded to Defendant's Motion to Dismiss.[5]

## II.  STANDARD OF REVIEW

"A defendant may test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Maheu v. Bank of Am., N.A.*, No. 12-CV-508, 2012 WL 1744536, at *4 (D. Md. May 14, 2012) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of Plaintiff's claims, the Court accepts factual allegations in the Complaint as true and construes the factual allegations in the light most favorable to the Plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, a court need not accept a plaintiff's legal

---

[5] "When a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion." *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016) (citing *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)).

conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Additionally, the Court may consider documents attached to the Motions to Dismiss without converting the Motion into one for Summary Judgment, "so long as [such documents] are integral to the complaint and authentic." *Philips v. Pitt. Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

To state a claim of fraud, a party must also "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9(b) requires "that a plaintiff alleging fraud must make particular allegations of the time, place, speaker, and contents of the allegedly false acts or statements." *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 249–50 (D. Md. 2000); *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (describing the "who, what, when, where, and how" of the fraud claim).

### III. ANALYSIS

#### A. Breach of Contract, and Breach of the Implied Covenant of Good Faith and Fair Dealing

"A breach of contract suit is based on a particular contract where that contract contains the terms whose breach is alleged." *De't of Pub. Safety & Corr. Servs. v. ARA Health Servs., Inc.*, 107 Md. App. 445, 459 (1996). In this diversity case, Maryland law applies to Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing. *See Millman v. Wetterau Inc.*, CIV. H-88-1331, 1989 WL 206582, at *12 (D. Md. June 6, 1989); *Traylor v. Grafton*, 273 Md. 649, 660 (1975) ("[s]ince the place of contracting was Maryland, its

4

law must determine the validity and effect of the alleged agreement.) Under Maryland law, "[w]here a contract is plain and unambiguous, there is no room for construction, and it must be presumed that the parties meant what they expressed." *Kasten Const. Co., Inc. v. Rode Enterprises*, 268 Md. 318, 328–29 (1973). Further, "[w]hen the language of a contract is clear, the true test of what is meant is not what the parties to the contract intended it to mean, but what a reasonable person in the position of the parties would have thought it to mean." *Id.*

Describing the so-called "signature doctrine," the Maryland Court of Appeals has stated, "[u]nder long-settled law, if there is no dispute that [the Borrowers] signed the Applications, they are presumed to have read and understood those documents as a matter of law." *Windesheim v. Larocca*, 443 Md. 312, 328–29 (2015) (citing *See Merit Music Service, Inc. v. Sonneborn*, 245 Md. 213, 221–22 (1967) ("[T]he law presumes that a person knows the contents of a document that he executes and understands at least the literal meaning of its terms.")); *Binder v. Benson*, 225 Md. 456, 461 (1961) ("[T]he usual rule is that if there is no fraud, duress or mutual mistake, one who has the capacity to understand a written document who reads and signs it, or without reading it or having it read to him, signs it, is bound by his signature as to all of its terms.").

The Court may properly consider the Initial Interest Note (the "Note"), ECF No. 14-5, attached to Defendant's Motion to Dismiss because it is integral to the Complaint and Plaintiff has not disputed its authenticity. *See Fin. Indus. Reg. Auth., Inc. v. Axis Ins. Co.*, 951 F. Supp. 2d 826, 830 (D. Md. 2013). The Note is integral to the Complaint because Plaintiff alleges that he borrowed money to refinance his home and executed "loan documents" as part of this transaction. ECF No. 26-1 at 1–2. Absent objection from Plaintiff, the Note is thus the contractual document at issue. Plaintiff's breach of contract claim must be dismissed because it is undercut by the plain language of the contract. Provision 3(A) of the Note states:

> I will make a payment every month on the first day of each month beginning on July 1, 2007. Before the first fully amortizing principal and interest due date, my monthly payments will be only for the interest due on the unpaid principal of the Note. The due date of my first payment including fully amortizing principal and interest is the first day of July 2017.

ECF No. 14-5 at 2. As drafted, the Note is unambiguous and reflects a loan that is "interest only" for the first ten years, and further states that the due date of the first payment including fully amortizing[6] principal and interest is the first day of July 2017. The Note also appears to bear Mr. Zos's wet-ink signature. *Id.* at 5. Mr. Zos has not alleged that he was fraudulently induced into signing the contract, coerced, or any other circumstances that would void the contract. Accordingly, Mr. Zos has failed to state a claim for breach of contract.[7]

With respect to Plaintiff's related third claim, "breach of the covenant of good faith and fair dealing in a contract," Maryland law does not recognize an independent cause of action for breach of the implied covenant of good faith and fair dealing. *See Cutler v. Wal-Mart Stores, Inc.*, 175 Md. App. 177, 195 (2007). A breach of the covenant of good faith and fair dealing supports another cause of action, such as breach of contract. *Mount Vernon v. Branch*, 170 Md. App. 457, 471–72 (2006) (noting that "[t]he implied duty of good faith prohibits one party to a contract from acting in such a manner as to prevent the other party from performing his obligations under the contract . . . [T]his duty is merely part of an action for breach of contract.") (citation omitted). As the Court has dismissed Plaintiff's breach of contract claim, it will also dismiss the claim for breach of covenant of good faith and fair dealing. *Cf. Hundt v. Snedegar*,

---

[6] Amortizing refers to "the paying off of debt with a fixed repayment schedule in regular installments over time." http://www.investopedia.com/terms/a/amortization.asp (last visited January 11, 2017).
[7] Additionally, Defendant contends that the general statute of limitations for contract claims in Maryland is three years from the date the cause of action accrued, and that the alleged breach occurred in 2007 when the initial Note payments for interest-only payments began. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101; *see also Windesheim*, 443 Md. at 326–28 (holding that borrowers were on implied or inquiry notice running from the time of signature and the three-year statute of limitations was not tolled). Plaintiffs have not responded to this contention, and the Court will consider it conceded, providing an additional basis for dismissal.

No. 1854 Sept. Term, 2013, 2015 WL 6112290, at *16 (Md. Ct. Spec. App. Aug. 21, 2015) (holding that defendant's motion for summary judgment should have been granted for breach of fiduciary duty because no independent cause of action exists for such claim).

### B. Intentional Misrepresentation

To state a claim for intentional misrepresentation, Plaintiff must show (a) defendant's misrepresentation of a material fact, (b) known by the defendant to be false, (c) made with the purpose of inducing reliance by the plaintiff, (d) the plaintiff reasonably relies thereon, and (e) the plaintiff suffers a compensable injury. *See Hoffman v. Stamper*, 385 Md. 1, 28 (2005). As a claim sounding in fraud, a claim for intentional misrepresentation "must state with particularity the circumstances constituting fraud or mistake" under Fed. R. Civ. P. 9(b). *See Haley v. Corcoran*, 659 F. Supp. 2d 714, 724 (D. Md. 2009). As noted above, Rule 9(b) requires "that a plaintiff alleging fraud must make particular allegations of the time, place, speaker, and contents of the allegedly false acts or statements." *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 249–50 (D. Md. 2000).

Here, Plaintiff's claim fails to state the required circumstances with particularity. Plaintiff states that "Defendant represented to Plaintiff that he was being offered an equal monthly payment thirty year fixed fully amortizing loan program without an interest only feature at all times prior to the loan agreement." ECF No. 26-1 ¶ 16. Plaintiff also states that he "refinanced his real property" on April 30, 2007. Thus, even affording Plaintiff's Complaint a liberal construction, he has stated only the date such misrepresentations were made. It is unclear where this alleged misrepresentation took place, or who the speaker was, beyond an "agent of Wells Fargo." But perhaps more importantly, the plausibility of the alleged misrepresentation is belied by the terms of the Note itself. Plaintiff alleged that the agent represented to him that "he was

being placed in a fixed monthly payment loan program." ECF No. 26-1 ¶ 6. However, the Note unambiguously states that from July 1, 2007 until July 2017, the monthly payments are "only for the interest due," and that "the first payment including fully amortizing principal and interest" is the first day of July 2017. Mr. Zos thus fails to state a claim for intentional misrepresentation.

### C. Civil Conspiracy

A claim of civil conspiracy requires Plaintiff to allege "1) A confederation of two or more persons by agreement or understanding; 2) some unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not in itself illegal; and 3) actual legal damage resulting to the plaintiff." *Windesheim*, 443 Md. at 347. However, "[c]onspiracy is not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff." *Haley v. Corcoran*, 659 F. Supp. 2d 714, 726 (D. Md. 2009) (citing *Alleco Inc. v. The Harry and Jeanette Weinberg Foundation, Inc.*, 340 Md. 176, 189 (1995)). The fact of conspiracy is merely a "matter of aggravation," becoming necessary only "to entitle the plaintiff to recover in one action against several." *Alleco Inc.*, 340 Md. at 190.

Because the Court dismisses Plaintiff's other tort claims, including intentional misrepresentation and intentional infliction of emotional distress, Plaintiff does not state an underlying tort capable of supporting a conspiracy claim. Moreover, "[n]o conspiracy can lie between a corporation and its agent acting within the scope of his duties," *Marmott v. Maryland Lumber Co.*, 807 F.2d 1180, 1184 (4th Cir. 1986), because "[a] corporation acts through its agents and the acts of the agent are the acts of the corporation." *Kairys v. Douglas Stereo Inc.*, 83 Md. App. 667, 683, 577 A.2d 386, 393 (1990), *overruled on other grounds by Montgomery*

*Ward v. Wilson*, 339 Md. 701 (1995). Thus, no unlawful confederation may lie between Wells Fargo and its own agents. Plaintiff's civil conspiracy claim is dismissed.

### D. Intentional Infliction of Emotional Distress

To establish a claim for intentional infliction of emotional distress, a plaintiff must demonstrate that "(1) the conduct is intentional or reckless; (2) the conduct is extreme and outrageous; (3) there is a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress is severe." *Carson v. Giant Food, Inc.*, 187 F. Supp. 2d 462, 481–82 (D. Md. 2002). To satisfy the first element, plaintiff must show that the defendant either "desired to inflict severe emotional distress, knew that such distress was certain or substantially certain to result from [her] conduct, or acted recklessly in deliberate disregard of a high degree of probability that emotional distress would follow." *Brengle v. Greenbelt Homes, Inc.*, 804 F. Supp. 2d 447, 452 (D. Md. 2011). To meet the second element, the conduct in question must "go beyond all possible bounds of decency, and . . . be regarded as atrocious, and utterly intolerable in a civilized community." *Kohler v. Shenasky*, 914 F. Supp. 1206, 1212 (D. Md. 1995) (quoting *Harris v. Jones*, 281 Md. 560, 611 (1977)) (alteration in original). "The fourth element requires the plaintiff to show that [she] suffered a *severely* disabling emotional response to the defendant's conduct," such that "no reasonable [person] could be expected to endure it" *Id.* (quoting *Harris v. Jones*, 281 Md. 560 (1977) (emphasis in original)).

Plaintiff has not satisfied any of these elements. While Plaintiff baldly asserts that he has suffered "sleepless nights, depression, stomach churning, headaches, body aches, and high blood pressure," ECF No. 26-1 at 6, he offers no allegations demonstrating that the discussions regarding the refinancing of his home were conducted in "deliberate disregard of a high degree of probability that emotional distress would follow," or that such conduct by the Wells Fargo

agent went "beyond all possible bounds of decency." Plaintiff also does not causally tie these emotional and physical symptoms to the alleged wrong by Defendants. Thus, Plaintiff's claim for intentional infliction of emotional distress must fail.

### E. Truth in Lending Act

Plaintiff also purports to allege violations of the Truth in Lending Act ("TILA"), but Plaintiff does not cite specific provisions of TILA he believes were violated. *See Fedewa v. J.P. Morgan Chase Bank, Nat. Ass'n*, 921 F. Supp. 2d 504, 510–12 (E.D. Va. 2013) (dismissing TILA claims for failure to plead sufficient factual matter). Plaintiff appears to cite the "failure to disclose prior to the execution of the loan that the loan contained an interest-only feature" as a violation of TILA. ECF No. 26-1 ¶ 34. However, as previously discussed, such a failure to disclose is rendered implausible by the terms of the Initial Interest Note bearing Zos's signature, which Zos has not disputed. Moreover, TILA provides a one-year statute of limitations from the occurrence of the violation. 15 U.S.C.A. § 1640 ("any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . ."). Plaintiff knew or should have known about his TILA claim when he signed the Initial Interest Note in 2007. *See Windesheim*, 443 Md. at 326–28. No evidence suggests that this statute of limitations period should be otherwise tolled. Thus, the TILA claim is time-barred.

### F. Housing Financial Discrimination Act of 1977

Plaintiff next claims that "the Defendant engaged in discriminatory pricing between Plaintiff, who is a minority, specifically, an African American in that he was charged higher rates and fees as opposed to other similarly situated Whites in violation of the Housing Discrimination Act of 1977." ECF No. 26-1 ¶ 36. As Defendant points out, there is no federal or Maryland law

by the name of the "Housing Financial Discrimination Act of 1977," though Plaintiff may be referring to a California statute by that name. *See Conference of Fed. Sav. & Loan Associations v. Stein*, 604 F.2d 1256, 1258–59 (9th Cir. 1979). To the extent that Plaintiff is claiming racial discrimination in housing under Md. Code, State Gov't, § 20-702, or under the federal Fair Housing Act, 42 U.S.C. § 3601, he has provided the Court with no facts supporting this allegation. "A court need not accept a plaintiff's legal conclusions as true, as threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Peterson v. Northrop Grumman Sys. Corp.*, No. CIV.A. WMN-13-3812, 2015 WL 132605, at *1 (D. Md. Jan. 8, 2015) (internal citations omitted). Plaintiff does not state when or how he was charged higher rates and fees than similarly situated Whites, or point to any direct or circumstantial evidence indicating discriminatory intent on the part of Defendant. *Cf. Nichols v. Carriage House Condominiums at Perry Hall Farms, Inc.*, No. CIV.A. RDB-14-3611, 2015 WL 4393995, at *4 (D. Md. July 15, 2015) (dismissing Fair Housing Act claims). Plaintiff thus fails to state a claim in Count VII of his Complaint.

### G. Punitive Damages

Finally, Plaintiff requests punitive damages because "the afore-described conduct of the Defendant was done with actual malice, ill will, intent to injure and/or fraud which necessitates the award of punitive damages." ECF No. 26-1 ¶ 38. As federal and Maryland law do not allow a separate cause of action for punitive damages, such a request must be pled as an underlying part of another claim. *See Biggs v. Eaglewood Mortgage, LLC*, 582 F. Supp. 2d 707, 711 n.5 (D. Md. 2008). As the Court has dismissed Plaintiff's other claims in their entirety, it declines to grant punitive damages against Defendant.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted. Because Plaintiff has had multiple prior opportunities to amend the Complaint, the dismissal is with prejudice. A separate Order shall issue.

Date: January 18, 2017

George J. Hazel
United States District Judge